Jerry & Elva **BRESHEARS**,
Appellants,

v.

**STATE FARM LLOYDS**, Appellee.

No. 13–03–580–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Aug. 27, 2004.

Bradford M. Condit, Corpus Christi, for appellants.

Paul Dodson, Huseman & Pletcher, Corpus Christi, for appellee.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and GARZA.

## MEMORANDUM OPINION

Memorandum Opinion by Justice GARZA.

Jerry and Elva Breshears appeal from a summary judgment granted in favor of State Farm Lloyds in a suit for breach of an insurance contract and violations of the insurance code. Both parties filed traditional motions for summary judgment, and State Farm also filed a no-evidence motion for summary judgment. The Breshears contend the trial court erred in granting State Farms's summary judgment motion and denying their summary judgment motion. Because we conclude that there was no breach of contract or any violation of the insurance code, we affirm.

### Facts

The Breshears are homeowners who have a Texas Homeowners "B" policy with State Farm. The Breshears's home re-

quired extensive plumbing repairs, which were conducted by Gulf Coast Construction and Restoration ("GCC"). GCC billed the Breshears $23,735.92 for its work, and the Breshears filed a claim with State Farm for that amount. State Farm received notice of the Breshears's claim and, pursuant to the terms of the policy, acknowledged their claim and began the investigation the following day. Two weeks later, State Farm sent the Breshears an estimate of $18,742.15 for the value of the work performed along with payment of $13,502.51 (the estimate less their deductible and some prior credits).

An oral contract between GCC and the Breshears provided that payment to GCC from the Breshears would only be in the amount paid by State Farm. In other words, the Breshears had no obligation to pay GCC any more than they received from State Farm and would only have to pay GCC additional amounts if they recovered more money from State Farm.

Regardless of this agreement, the Breshears filed suit against State Farm, alleging that it breached its insurance contract and violated provisions of the insurance code. The Breshears's insurance policy provides for an appraisal if either party disagrees with the amount of payment.[1] In accordance with the terms of this policy, the trial court abated the proceedings and the two parties began the appraisal process. The appraisers and umpire determined the amount of loss to be $21,484.00. Within thirty days of this decision, State Farm paid the Breshears an additional $5,698.36. According to the Breshears, this leaves $993.77 still unpaid from their original claim, based on GCC's invoicing.

The Breshears then continued to pursue the suit. Both sides filed motions for summary judgment. The trial court granted State Farm's motion without specifying whether it was granting the traditional or no-evidence motion for summary judgment and ordered that the Breshears take nothing on their claims. Because the trial court relied on evidence attached to the motions, we consider the traditional motion for summary judgment only.[2] *See Michael v. Dyke*, 41 S.W.3d 746, 751–52 (Tex. App.-Corpus Christi 2001, no pet.).

### Standard of Review

This court reviews the granting of summary judgment de novo. *Tex. Commerce Bank–Rio Grande Valley, N.A. v. Correa*, 28 S.W.3d 723, 726 (Tex.App.-Corpus Christi 2000, pet. denied).

In a traditional summary judgment, the issue on appeal is whether the movant met the burden of establishing that no genuine issue of material fact exists as to at least one element of the non-movant's claim and that the movant is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990). All doubts about the existence of a genuine issue of a material fact are resolved against the movant. *Cate*, 790 S.W.2d at 562; *see also Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301–02

---

**1.** The insurance contract contains this appraisal provision:

   If you and we fail to agree on the actual cash value, amount of loss or cost of repair or replacement, either can make a written demand for appraisal. Each will then select a competent, independent appraiser.... [T]he two appraisers will then choose an umpire.... If the appraisers fail to agree, they will submit their differences to the umpire. An itemized decision agreed to by any two of these three and filed with us will set the amount of the loss. Such award shall be binding on you and us.

**2.** The trial court's order granted summary judgment "after examining the pleadings and the summary judgment evidence."

(Tex.1990). If the movant's summary judgment motion and proof facially establishes its right to judgment as a matter of law, the burden shifts to the non-movant to raise a material fact issue sufficient to defeat summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

Where, as in this case, the trial court does not state the specific grounds upon which the summary judgment was granted, the reviewing court must consider whether any theories set forth in the motion will support a summary judgment. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993). A summary judgment must be affirmed if any of the theories advanced by the movant are meritorious. *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex. 1995).

In the event that both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review the summary judgment evidence presented by both sides and determine all questions presented and render the judgment the trial court should have rendered. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex.2000).

### State Farm Lloyds's Motion for Summary Judgment

State Farm contends it did not breach its contractual obligations under the insurance policy; there are no grounds for setting aside the appraisal award; and it is not liable for prejudgment interest, penalty interest or attorney's fees.

#### *Breach of Contract*

The Breshears argue that because the appraisal award was greater than the initial payment made by State Farm, State Farm was in breach of the contract as a matter of law. However, they overstate the effect of appraisal decisions: an appraisal decision is intended "to estop one party from contesting the issue of the value of damages in a suit on the insurance contract," *Allison v. Fire Ins. Exch.*, 98 S.W.3d 227, 253 (Tex.App.-Austin 2002, pet. abated), not to facilitate this type of liability. *See Wells v. Amer. States Preferred Ins. Co.*, 919 S.W.2d 679, 683 (Tex.App.-Dallas 1996, writ denied) (appraisal awards leave questions of liability to the court); *Hennessey v. Vanguard Ins. Co.*, 895 S.W.2d 794, 797–98 (Tex.App.-Amarillo 1995, writ denied) (same). The Breshears may not use the fact that the appraisal award was different than the amount originally paid as evidence of breach of contract, especially when the contract they claim is being breached provides for resolution of disputes through appraisal.

The Breshears argue that the Texas Supreme Court's dicta in *In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193, 195 (Tex.2002) (orig.proceeding), supports their breach of contract claim. The issue in *Allstate* was whether the trial court abused its discretion in refusing to uphold an appraisal clause in an automobile insurance policy. *Id.* The supreme court held that the trial court should have enforced the appraisal clause and explained, "[a]s to the plaintiffs' breach of contract claim, the parties have agreed in the contract's appraisal clause to the method by which to determine whether a breach has occurred. That is, if the appraisal determines that the vehicle's full value is what the insurance company offered, there would be no breach of contract." *Id.* at 196. The exact language of the appraisal clause that the court relied on to draw this conclusion is not cited in the opinion.

The Breshears appear to argue that this language indicates that if an appraisal award is different from the amount initially offered by the insurance company, a breach of contract has necessarily occurred. We disagree that this conclusion must follow from the supreme court's statement, particularly in light of the language of the contract before us in this case. The State Farm insurance contract clearly specified an appraisal process was the remedy for any disagreement regarding the amount of loss, and that the decision reached by the appraisers and umpire "will set the amount of the loss" and "shall be binding on you and us." Here, State Farm provided evidence establishing that it participated in the appraisal process and fully paid the amount set by the appraisers and umpire. There is no indication in the contract that a payment made prior to appraisal that differs from the appraisal award amounts to a breach of contract.

As State Farm complied with every requirement of the contract, it cannot be found to be in breach. Thus, the trial court did not err in granting summary judgment for State Farm on the breach of contract claim.

### Appraisal Award

■■ The Breshears also moved to set aside the appraisal award, which the trial court denied in granting State Farm's motion for summary judgment. An appraisal award made pursuant to an insurance policy is binding and enforceable unless the insured proves that the award was unauthorized or the result of fraud, accident, or mistake. See Allison v. Fire Ins. Exch., 98 S.W.3d at 252; Providence Lloyds Ins. Co. v. Crystal City I.S.D., 877 S.W.2d 872, 875 (Tex.App.-San Antonio 1994, no writ) (citing Scottish Union & Nat'l Ins. Co. v. Clancy, 71 Tex. 5, 8 S.W. 630, 631 (1888)); see also In re Allstate, 85 S.W.3d at 195

(appraisal claims are enforceable). Every reasonable presumption will be indulged to sustain an appraisal decision. See Providence Lloyds, 877 S.W.2d at 875. In the present case, there is no evidence suggesting any fraud, accident, or mistake. State Farm's summary judgment evidence shows that the appraisal award was made pursuant to the insurance policy, and payment was made reflecting the award determined by the appraisers appointed by each party and the independent umpire. Thus, because there is no evidence showing grounds to set aside the appraisal award, the trial court did not err in granting summary judgment on this issue.

### Insurance Code Claims

State Farm also disputed in its motion for summary judgment the Breshears's claim that it was liable under article 21.55 of the insurance code and section 304.102 of the finance code for pre-judgment interest, penalty interest, and attorney's fees.

■ Prejudgment interest is owed following a judgment in a wrongful death, personal injury or property damage case. See TEX. FIN.CODE ANN. § 304.102 (Vernon Supp.2004). Insurers owe prejudgment interest on top of the policy benefits only if they withheld those benefits in breach of the insurance contract. Henson v. Southern Farm Bureau Ins. Co., 17 S.W.3d 652, 654 (Tex.2000). As there was no breach of contract by State Farm, and consequently no judgment against it on which to base interest calculations, prejudgment interest cannot be awarded against State Farm. See Cavnar v. Quality Control Parking, Inc., 696 S.W.2d 549, 554 (Tex.1985).

■ The Breshears also requested penalty fees and attorney's fees pursuant to article 21.55 of the insurance code. This article requires an insurer to notify a claimant in writing of the acceptance or rejection of the claim not later than the

fifteenth business day after "the insurer receives all items, statements, and forms required by the insurer, in order to secure final proof of loss." Tex. Ins.Code Ann. art. 21.55 § 3(a) (Vernon Supp.2004). Article 21.55 also provides that "if an insurer delays payment of a claim following its receipt of all items, statements, and forms reasonably requested and required ... for more than 60 days, the insurer shall pay damages and other items as provided for in Section 6 of this article." Id. art. 21.55 § 3(f). Section six provides for eighteen percent annual interest on the amount of the delayed payment, together with reasonable attorney's fees. Id. art. 21.55 § 6. The purpose underlying article 21.55 damages is to ensure prompt payment of insurance claims. Id. art. 21.55 § 8; J.C. Penney Life Ins. Co. v. Heinrich, 32 S.W.3d 280, 290 (Tex.App.-San Antonio 2000, pet. denied). If an insurer chooses to delay payment or not pay a claim, it runs the risk of incurring this eighteen percent statutory fee and reasonable attorneys fees. Oram v. State Farm Lloyds, 977 S.W.2d 163, 167 (Tex.App.-Austin 1998, no pet.).

It is stipulated by both parties in the record that State Farm received notice of the claim on April 13, 2000 and the next day acknowledged receipt of the claim, began an investigation, and requested items necessary for the investigation. After receiving additional documents from the Breshears's contractor, State Farm paid the claim within the amount of time specified by the code. We conclude that it therefore did not delay payment or fail to pay the claim.

The Breshears argue that because of the appraisal process, they were not actually paid until after State Farm paid them the difference between the first payment and the appraisal award, which occurred long after the sixty-day statutory limit. The

Breshears also argue that by invoking the appraisal process, State Farm did not notify them as to whether it intended to pay their claim within the time required by the code. We disagree. The Breshears were paid by State Farm within the sixty-day limit, and they were notified that State Farm would pay the claim when State Farm sent them an estimate of the cost of their repairs accompanied by a check. The fact that the appraisal process was later invoked does not alter the fact that State Farm complied with the insurance code, and provided a reasonable payment within a reasonable time. See Tex. Ins. Code Ann. art. 21.55 §§ 3, 6, 8. Accordingly, we conclude the trial court did not err in granting summary judgment on this issue.

### Breshears's Motion for Summary Judgment

In their motion for partial summary judgment, the Breashears contend that State Farm breached its contract by failing to notify them under the terms of article 21.55 of the insurance code as to whether their claim would be paid, and then pay that which was demanded within the mandated time periods. See id. art. 21.55. However, we have already reached the opposite conclusion and held that State Farm did not breach its contract.

The Breshears further contend in their motion for summary judgment that State Farm has extra-contractual liability for falsely representing that it only owes the "average costs" instead of "reasonable costs," thereby engaging in acts of deception prohibited by the insurance code. See id. art. 21.21 § 4 (Vernon Supp.2004). The record indicates that State Farm sent the Breshears an estimate and payment based on "the average prices charged by local repair firms." The record includes a lengthy report explaining in detail how this

estimate was developed and comparing costs charged by ten local firms for each repair undertaken and part replaced at the Breshears' home. The Breshears have provided no evidence or citation to authority which would show that "average" costs of repairs are not reasonable, or that the average cost State Farm calculated in their case was itself unreasonable. *See* TEX.R. CIV. P. 166a. The Breshears were paid in a timely manner sufficient to satisfy the requirements of the code, and later received additional funds under the appraisal award. State Farm acted in good faith and conducted a reasonable investigation in response to their claim. *See* TEX. INS.CODE ANN. art. 21.21, § 4. Therefore, denial of the Breshears' motion for summary judgment was proper as they have failed to establish an article 21.21 violation against State Farm.

The Breshears also claim in their motion for summary judgment that there is no evidence in the record of an itemized decision from the umpire setting forth the amount of the loss agreed to by the umpire and the two appraisers. The record includes a notarized certification of appraisal as well as deposition testimony by the umpire discussing how he developed his estimate. As previously stated, an appraisal award is binding and enforceable unless the insured proves that the award was unauthorized or the result of fraud, accident, or mistake. *See Barnes v. Western Alliance Ins. Co.,* 844 S.W.2d 264, 267 (Tex.App.-Fort Worth 1992, writ denied). In the present case the record does not raise any issues of fact as to whether there was any fraud, accident, or mistake with the appraisal process or award. Instead, the dispute centers around whether the umpire's decision was sufficiently itemized so as to be in compliance with the insurance policy.. Given the evidence in the record, we find that it was, and the trial court did not err in denying the Breshears'

partial motion for summary judgment on this ground.

### Conclusion

We affirm the judgment of the trial court.