NUMBER 13-03-758-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

MATTIE BROWNLOW,                                                                Appellant,

v.

UNITED SERVICES AUTOMOBILE 
ASSOCIATION,                                                                            Appellee.
                                                                                                                                      

On appeal from the County Court at Law No. 4 
of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Castillo and Garza 
Memorandum Opinion by Justice Garza

          Appellant, Mattie Brownlow, appeals from a take-nothing judgment entered against
her in a suit against appellee, United Services Automobile Association (“USAA”), arising
from her homeowner’s claim for a plumbing reroute. In two issues, appellant contends the
trial court erred in not entering a judgment for attorney’s fees because (1) the stipulated
facts establish as a matter of law that USAA breached its contract; and (2) USAA violated
article 21.55 of the insurance code. Because there was no finding of breach of contract,
actual damages, or a violation of article 21.55, we conclude that the trial court did not err
in rendering the take-nothing judgment against appellant. 1.Attorney’s Fees under Texas Civil Practice and Remedies Code Sections
38.001 and 38.002
 
          Appellant claims that she is entitled to attorney’s fees under section 38.002 of the
civil practice and remedies code, which provides: 
To recover attorney’s fees under this chapter: 
(1)the claimant must be represented by an attorney;
(2)the claimant must present the claim to the opposing party or to a duly
authorized agent of the opposing party; and 
(3) payment for the just amount owed must not have been tendered
before the expiration of the 30th day after the claim is presented. 

Tex. Civ. Prac. & Rem. Code Ann. § 38.002 (Vernon 1997). Although section 38.002 is
applicable to this case, appellant has failed to address the requirements set forth in section
38.001 for recovering attorney’s fees. In relevant part, section 38.001 provides: 
A person may recover reasonable attorney’s fees from an individual or
corporation, in addition to the amount of a valid claim and costs, if the claim
is for: 
. . .
(8) an oral or written contract.
Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (Vernon 1997). To recover attorney’s fees
under section 38.001, a party must both prevail on a claim for which attorney’s fees are
recoverable and recover damages. Green Int’l v. Solis, 951 S.W.2d 384, 390 (Tex. 1997);
Ed Rachal Found. v. Unger, 117 S.W.3d 348, 357 (Tex. App.–Corpus Christi 2003, pet.
filed) (en banc). A party seeking to recover attorney’s fees carries the burden of proof to
show entitlement to the fees. Llanes v. Davila, 133 S.W.3d 635, 640 (Tex. App.–Corpus
Christi 2003, pet. denied) (citing Stewart Title Guar. v. Sterling, 822 S.W.2d 1, 10 (Tex.
1991)). Courts have long interpreted sections 38.001 and 38.002 as requiring that a party
must plead, prove, and prevail on a claim that permits recovery of attorney’s fees. See
State Farm Life Ins. Co. v. Beaston, 907 S.W.2d 430, 437 (Tex. 1995); Ellis v. Waldrop,
656 S.W.2d 902, 905 (Tex. 1983). 
          Appellant claims that she is entitled to recover attorney’s fees because she
prevailed on her breach of contract claim; however, the trial court did not make any
determinations as to whether or not a breach of contract occurred, and the issue was not
submitted to the jury. 
          Appellant argues that there was no need to submit the breach-of-contract issue to
the jury because the issue had been stipulated to by the parties, but we find no support for
this contention in the record. Although it is undisputed that both parties stipulated to the
amount of the umpire’s award


, the record reflects that USAA did not stipulate to anything
beyond the amount of the umpire’s award.


 
          Appellant also argues that she is entitled to attorney’s fees because she prevailed
as a matter of law on her breach-of-contract claim. According to appellant, under Allstate,
USAA breached the contract as a matter of law by failing to pay the full value of the re-route job. See In re Allstate County Mut. Ins. Co., 85 S.W.3d 193, 195 (Tex. 2002). We
disagree. The issue in Allstate was whether the trial court abused its discretion by refusing
to uphold an appraisal clause in an automobile insurance policy. Id. The supreme court
held that the trial court should have enforced the appraisal clause, explaining, “the parties
have agreed in the contracts’ appraisal clause to the method by which to determine
whether a breach has occurred. That is, if the appraisal determines that the vehicle’s full
value is what the insurance company offered, there would be no breach of contract.” Id.
at 196. 
          Appellant argues that under Allstate, if an appraisal award is different from the
amount initially offered or paid by the insurance company, a breach of contract has
occurred as a matter of law. We disagree that this conclusion follows from Allstate,
particularly in light of the language in the contract between Brownlow and USAA. See
Breshears v. State Farm Lloyds, No. 13-03-580-CV, 2004 Tex. App. LEXIS 7816 at *6-9
(Tex. App.–Corpus Christi Aug. 27, 2004, pet. denied). The contract between the parties
in this case specifies that an appraisal process will be the remedy for any disagreement
regarding the amount of loss and that the decision reached by the umpire “will set the
amount of loss” and “such an award will be binding.” USAA participated in the appraisal
process and tendered the amount awarded by the umpire. Because USAA complied with
the requirements of the contract, it cannot be found to be in breach. See Toonen v. United
Servs. Auto. Ass’n, 935 S.W.2d 937, 940 (Tex. App.–San Antonio 1996, no writ) (holding
that insurer was entitled to summary judgment on breach-of-contract claim because it had
tendered appraisal award to claimant pursuant to contract); Providence Lloyds Ins. Co.
v. Crystal City Indep. Sch. Dist., 877 S.W.2d 872, 875 (Tex. App.–San Antonio 1994, no
writ) (holding that appraisal award made pursuant to the insurance contract was binding
and that appellee take nothing on its breach-of-contract claim). 
          In light of our sister court’s prior decisions and this Court’s holding in Breshears, we
hold that appellant did not establish a breach of contract as a matter of law. Accordingly,
we overrule appellant’s first issue. 
2.       Attorney’s Fees under Texas Insurance Code article 21.55
          Appellant also contends that she is entitled to attorney’s fees because USAA
violated Texas Insurance Code article 21.55 by failing to notify her or her agents within
forty-five days that it was either accepting or rejecting her claim. See Tex. Ins. Code Ann.
art. 21.55 (Vernon Supp. 2004–05). To successfully maintain a claim under section 6 of
article 21.55, a party must establish three elements: (1) a claim under an insurance policy;
(2) the insurer’s liability for the claim; and (3) the insurer’s failure to follow one or more
sections of article 21.55 with respect to the claim. Allstate Ins. Co. v. Bonner, 51 S.W.3d
289, 291 (Tex. 2001). If a party satisfies these elements, the insurer shall pay the insured
18 percent per annum of the amount of the claim as damages, together with reasonable
attorney fees, in addition to the amount of the claim. Id. 
          The issue before this Court is whether appellant established a violation of article
21.55. According to appellant, “it is undisputed that appellee failed to notify Ms. Brownlow
or her agents within 45 days that it was either accepting or rejecting her claim.” At trial,
appellant supported this contention with deposition testimony in which she testified that she
did not remember receiving a letter from USAA notifying her that her claim was either
accepted or denied. Appellant argues that because USAA never disputed her testimony,
it established that USAA never gave the required notice and therefore violated article
21.55. According to appellant, “a fact issue that is established with uncontroverted
evidence and is not in dispute should not be submitted to the jury.” Robertson County v.
Wymola, 17 S.W.3d 334, 342 (Tex. App.—Austin 2000, pet denied). 
          Appellant’s statement of the record is misleading. USAA did, in fact, produce
evidence to disprove appellant’s claim that USAA did not give the required notice.


 
 Nevertheless, the issue of notice was not submitted to the jury for decision, and there was
therefore no finding that USAA failed to provide the required notice. Appellant did not
establish a violation of article 21.55. Accordingly, appellant’s second issue is overruled,
and the judgment of the trial court is affirmed.                                                         
                                                                               _______________________
                                                                               DORI CONTRERAS GARZA,
                                                                               Justice
 
 
Memorandum Opinion delivered and 

 
filed this the 17th day of March, 2005.