**AFFIRMED; Opinion Filed June 30, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01533-CV

### BRUCE E. BERNSTIEN, Appellant
### V.
### SAFECO INSURANCE COMPANY OF ILLINOIS, Appellee

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-09204**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Stoddart

Bruce Bernstien appeals the trial court's summary judgment granted in favor of Safeco Insurance Company of Illinois. The parties' dispute arises out of the amount of compensation Safeco owed Bernstien after Bernstien wrecked a car that was insured by Safeco. In two issues, Bernstien argues the trial court erred by dismissing his statutory claims for violations of the insurance code and the deceptive trade practices act, and by dismissing his claim for fraud. We affirm the trial court's judgment.

FACTUAL BACKGROUND

Bernstien had an automobile insurance policy from Safeco to provide insurance coverage for his Porsche. The Porsche was damaged in an accident, and Bernstien notified Safeco. Safeco acknowledged the Porsche was covered by the insurance policy, but disagreed with

Bernstien about the amount of money Safeco should pay Bernstien for the Porsche. The dispute was submitted to an appraiser, who concluded the value of the Porsche was $4,900 plus tax, title, and license. Nine days after the date of the appraisal award, Safeco sent a letter to Bernstien enclosing a check for $5,287.05. The letter stated Safeco was not applying Bernstien's $1,000 deductible nor deducting money for the salvage value of the car.

Bernstien sued Safeco for breach of contract, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act (DTPA), and fraud. Safeco filed two traditional motions for summary judgment on Bernstien's claims. In its motions, Safeco argued it timely paid the entirety of Bernstien's claim and, therefore, Safeco did not breach the policy. Safeco also argued Bernstien's extra-contractual claims failed because Safeco did not breach the contract. The trial court granted Safeco's motions without specifying the basis for its ruling. This appeal followed.

On appeal, Bernstien does not challenge the trial court's order granting Safeco's motion for summary judgment on his breach of contract claim. He only challenges the trial court's order as it relates to his extra-contractual claims.

LAW & ANALYSIS

We review a grant of summary judgment de novo. *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 292 (Tex. 2013). When, as here, the trial court does not specify the grounds for its ruling, a summary judgment will be affirmed if any of the grounds advanced by the motion are meritorious. *Id*.

A.    **Late Payment**

Bernstien alleged Safeco violated the prompt payment provision of section 542 of the Texas Insurance Code by not timely paying his claim. However, timely payment of an appraisal award under the policy precludes an award of statutory penalties under the Texas Insurance Code

chapter 542. *See In re Slavonic Mut. Fire Ass'n*, 308 S.W.3d 556, 563–64 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("Texas courts considering the issue have concluded that full and timely payment of an appraisal award under the policy precludes an award of penalties under the Insurance Code's prompt payment provisions as a matter of law."); *see also United Neurology, P.A. v. Hartford Lloyd's Ins. Co.*, No. H-10-4248, 2015 WL 1470296, at \*9 (S.D. Tex. Mar. 31, 2015) (collecting cases); *Amine v. Liberty Lloyds of Tex., Inc.*, 2007 WL 2264477, at \*4–6 (Tex. App.—Houston [1st Dist.] Aug. 9, 2007, no pet.); *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 344 (Tex. App.—Corpus Christi 2004, pet. denied).

It is undisputed Safeco timely paid the appraisal award. As a result, Bernstien cannot sustain his late payment claim. *See In re Slavonic Mut. Fire Ass'n*, 308 S.W.3d at 563–64.

## B. Bad Faith, Insurance Code, and DTPA

Bernstien raised claims alleging Safeco acted in bad faith, violated chapter 541 of the insurance code, and violated the DTPA. In most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract. *Liberty Nat. Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). There are two exceptions to this rule: (1) the insurer's failure to timely investigate the insured's claim; or (2) the insurer's commission of "some act, so extreme, that would cause injury independent of the policy claim." *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995). Neither exception applies here. Because Safeco secured a final judgment in its favor on Bernstien's breach of contract claim—a judgment Bernstien does not challenge on appeal—Bernstien is precluded from prevailing on his bad faith claim. *See Gates v. State Farm County Mut. Ins. Co. of Texas*, 53 S.W.3d 826, 830 (Tex. App.—Dallas 2001, no pet.) (citing *Stoker*, 903 S.W.2d at 340-41) ("We hold the final judgment in favor of State Farm on the Gates' breach of contract claims precludes, as a matter of law, recovery by Gates on their bad faith claims stemming from the same accident.").

The common-law bad faith standard for breach of the duty of good faith and fair dealing is imputed to statutory liability under chapter 541 of the Texas Insurance Code and the DTPA. *See Tex. Mut. Ins. Co. v. Sara Care Child Care Ctr., Inc*., 324 S.W.3d 305, 317 (Tex. App.—El Paso 2010, pet. denied) (citing *Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922–23 (Tex. 2005) (per curiam)); *see also Douglas v. State Farm Lloyds*, 37 F.Supp. 2d 532, 544 (S.D. Tex. 1999) (quoting *Lawson v. Potomac Ins. Co*., No. Civ. 3:98–CV–0692H, 1998 WL 641809, at *4 (N.D. Tex. Sept. 14, 1998) ("extra-contractual tort claims pursuant to the Texas Insurance Code and the DTPA require the same predicate for recovery as bad faith causes of action") (citing *Higginbotham v. State Farm Mut. Auto. Ins. Co*., 103 F.3d 456, 460 (5th Cir. 1997)). Hence, "when an insured joins claims under the Texas Insurance Code and the DTPA with a bad faith claim, all asserting a wrongful denial of policy benefits, if there is no merit to the bad faith claim, there can be no liability on either of the statutory claims." *Douglas*, 37 F.Supp. 2d at 544 (citing *Higginbotham*, 103 F.3d at 460) (other citations omitted). Thus, a plaintiff also cannot maintain an action for violation of chapter 541 of the insurance code or the DTPA where the plaintiff's claim for breach of contract fails and neither exception applies.

Having established Bernstien did not appeal the adverse judgment on his breach of contract claim and his claim for bad faith fails, we also conclude his statutory claims under the Texas Insurance Code and the DTPA must fail for the same reasons. The trial court did not err by granting summary judgment on these claims.

We overrule Bernstien's first issue.

### C. Fraud

In his second issue, Bernstien argues the trial court erred by dismissing his fraud claim because a "fact question exists as to whether misrepresentations were made in the procurement" of the insurance policy. To establish common law fraud, Bernstien must show (1) Safeco made a

material misrepresentation, (2) the representation was false, (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion, (4) the speaker made the representation with the intent that the other party should act upon it, (5) Bernstien acted in reliance on the representation, and (6) Bernstien suffered injury. *See Blankenship v. Brown*, 399 S.W.3d 303, 308 (Tex. App.—Dallas 2013, pet. denied). Fraud by nondisclosure is a subcategory of fraud and requires, among other things, a showing that the defendant failed to disclose facts to the plaintiff. *Id.* The failure to disclose does not constitute fraud unless there is an independent duty to disclose the information. *See Ins. Co. v. N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998).

In his second amended petition, Bernstien alleged Safeco failed to tell him that the policy did not cover "the true value of the car." In support of his opposition to Safeco's motion for summary judgment, Bernstien attached his own affidavit in which he made several statements about information Safeco allegedly failed to provide to him, including Safeco never told him he would not be reimbursed for the investment he made to the Porsche beyond the basic value of the car.

Bernstien has not identified a single misrepresentation made by Safeco. Rather, his affidavit claims Safeco failed to disclose several pieces of information. However, Bernstien sued Safeco for fraud, not for fraud by nondisclosure. Although Bernstien might have preferred Safeco disclose additional information, Bernstien does not allege Safeco had a duty to do so and failed to satisfy that duty. Because Bernstien has not provided any evidence that Safeco misrepresented any facts to him, we conclude the trial court did not err by granting Safeco's motion for summary judgment on his fraud claim.

We overrule Bernstien's second issue.

CONCLUSION

We affirm the trial court's judgment.

/ Craig Stoddart/
_____
CRAIG STODDART
JUSTICE

131533F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRUCE E. BERNSTIEN, Appellant

No. 05-13-01533-CV     V.

SAFECO INSURANCE COMPANY OF
ILLINOIS, Appellee

On Appeal from the 298th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-09204.
Opinion delivered by Justice Stoddart.
Justices Francis and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee Safeco Insurance Company of Illinois recover its costs of
this appeal from appellant Bruce E. Bernstein.

Judgment entered this 30th day of June, 2015.