**Affirmed and Opinion filed August 23, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00004-CV

---

**WILLIAM MARCHBANKS, Appellant**

**V.**

**LIBERTY INSURANCE CORPORATION, Appellee**

---

**On Appeal from the 506th Judicial District Court**
**Waller County, Texas**
**Trial Court Cause No. 14-11-22843-A**

---

## O P I N I O N

In this appeal an insured challenges the trial court's summary judgment dismissing the insured's claims under the Prompt Payment of Claims Act. We must determine whether the trial court erred in granting summary judgment on the ground that the insurer's full and timely payment based on an appraisal award precluded the insured from recovering on these claims as a matter of law. Under binding precedent from this court, we conclude that the trial court did not err and we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff William Marchbanks reported a hail-damage claim to appellee/defendant Liberty Insurance Corporation, the insurer under his homeowner's insurance policy (the "Policy"). Liberty acknowledged Marchbanks's claim the same day. The following day, Liberty sent an adjuster to inspect Marchbanks's property and to evaluate the claim. The adjuster determined that the roof damage was not storm-related damage. Liberty sent Marchbanks a denial letter explaining that no storm-related damage was found.

Marchbanks took no further action for fifteen months. Then, he notified Liberty that he had found pieces of his roof coming off and that he believed his house had sustained hail damage. Marchbanks requested that Liberty reinspect the house. According to Marchbanks, his reinspection request prompted Liberty to request information that it had not requested at the time of the first inspection. Seven weeks later, a Liberty adjuster conducted a reinspection. The adjuster estimated the total amount of covered damage at $387.79, an amount well below the deductible under the Policy. After three more months, Liberty sent Marchbanks a letter stating this determination and indicating that Liberty would not be paying any amount on the claim.

### The Insured's Lawsuit

Marchbanks filed this suit against Liberty, asserting a breach-of-contract claim, common-law bad faith claims, alleged violations of the Texas Deceptive Trade Practices Act ("DTPA"), and claims under the Prompt Payment of Claims Act ("Prompt Payment Act Claims").

### Appraisal Process

About five months after Marchbanks filed suit, Liberty invoked the appraisal

provision under the policy. The appraisers for Liberty and Marchbanks issued an appraisal award. Liberty explained the amount that it owed under the Policy based on the appraisal award and sent a check for this amount to Marchbanks.

*The Insurer's First Summary-Judgment Motion*

After this payment, Liberty filed a traditional motion for summary judgment on all of Marchbanks's claims. Liberty argued that its payment of the appraisal award discharged its obligations under the Policy, thereby entitling Liberty to summary judgment on both the breach-of-contract and extra-contractual claims. The trial court granted summary judgment only on the breach-of-contract claim. The trial court severed the breach-of-contract claim into a separate case, creating a final judgment on that claim.

*The Insurer's Second Summary-Judgment Motion*

Liberty filed its second motion for summary judgment, seeking judgment on all of Marchbanks's remaining claims. Liberty sought summary judgment on the Prompt Payment Act Claims on the ground that Liberty's full and timely payment based on the appraisal award precluded Marchbanks from recovering on his Prompt Payment Act Claims as a matter of law.

In his response, Marchbanks contended that Liberty violated two sections of the Prompt Payment of Claims Act before Liberty invoked appraisal; specifically, Marchbanks asserted that that Liberty violated section 542.055(a)(3), by failing to request items, statements, and forms that it reasonably believed were required, and section 542.056(a), by failing to accept or reject Marchbanks's claim within 15 business days of receiving all items, statements, and forms required (hereinafter collectively, the "Alleged Violations"). Marchbanks also disputed that Liberty's payment of the appraisal award precluded Marchbanks from recovering on his

3

Prompt Payment Act Claims. Marchbanks argued the timing of the Alleged Violations (allegedly occurring before Liberty invoked the appraisal procedure) was relevant to distinguishing today's case from the cases Liberty cited in its motion.[1]

The trial court granted the second summary-judgment motion in its entirety, and rendered a final summary judgment dismissing Marchbanks's extra-contractual claims.

## II. ISSUE AND ANALYSIS

On appeal from the trial court's summary judgment, Marchbanks asserts a single issue and challenges only the dismissal of his Prompt Payment Act Claims. Under this issue, Marchbanks contends that Liberty committed the Alleged Violations before invoking the appraisal process and that neither the appraisal award nor Liberty's payment based on the appraisal award extinguishes Liberty's liability for the pre-appraisal violations. For purposes of this opinion, we presume, without deciding, that Liberty committed the Alleged Violations, and we consider whether the trial court erred in granting summary judgment on the ground that Liberty's full and timely payment based on the appraisal award precluded Marchbanks from recovering on his Prompt Payment Act Claims as a matter of law.

---

[1] In its motion for summary judgment, Liberty cited *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding), *abrogated on other grounds by In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 405–07 (Tex. 2011); *Amine v. Liberty Lloyds of Tex. Ins. Co.*, No. 01-06-00396-CV, 2007 WL 2264477 (Tex. App.—Houston [1st Dist.] Aug. 9, 2007, no pet.) (mem. op.); and *Breshears v. State Farm Lloyds*, 155 S.W.3d 340 (Tex. App.—Corpus Christi 2004, pet. denied).

4

**A.** **Did the trial court err in granting summary judgment on   the Prompt Payment Act Claims because of the insurer's full and timely payment based on the appraisal award?**

In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).  In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

In its summary-judgment motion Liberty aimed only one ground of attack at Marchbanks's Prompt Payment Act Claims.  By reference to an opinion from each of the two Houston-based courts of appeals, Liberty asserted that Liberty's full and timely payment based on the appraisal award precluded Marchbanks from recovering on his Prompt Payment Act Claims as a matter of law.  *See In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 563–64 (Tex. App.—Houston [14th Dist.]   2010, orig. proceeding), *abrogated on other grounds by In re Universal Underwriters of Tex. Ins. Co.,* 345 S.W.3d 404, 405–07 (Tex. 2011); *Amine v. Liberty Lloyds of Tex. Ins. Co.*, No. 01-06-00396-CV, 2007 WL 2264477, at *4 (Tex. App.—Houston [1st Dist.] Aug. 9, 2007, no pet.) (mem. op.).

The Insurance Code sets forth the essential components of a Prompt Payment Act Claim in the text of section 542.060(a), which states:

5

> If an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter [the Prompt Payment of Claims Act], the insurer is liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees.

Act of May 22, 2003, 78th Leg., R.S., ch. 1274, § 2, 2003 Tex. Gen. Laws 3611, 3681 (codified at Tex. Ins. Code § 542.060).[2] As this court twice has held, full and timely payment of the amount owed under the policy based on an appraisal award precludes as a matter of law a recovery on a claim under the prompt-payment statute. *See Zhu v. First Comm'n Ins. Co.*, 543 S.W.3d 428, 436–37 (Tex. App.— Houston [14th Dist.] 2018, pet. filed); *Nat'l Sec. Fire & Cas. Co. v. Hurst*, 523 S.W.3d 840, 847 (Tex. App.—Houston [14th Dist.] 2017, pet. filed). The summary-judgment evidence shows that, twenty-eight days after the appraisers issued their award, Liberty sent Marchbanks payment for the amount Liberty owed based on the appraisal award. Marchbanks does not argue that Liberty should have paid more under the Policy based on the appraisal award, nor does he argue that Liberty did not timely pay him the full amount Liberty owed under the Policy based on the appraisal award. We conclude that Liberty timely tendered the full amount Liberty owed Marchbanks under the Policy based on the appraisal award. *See Hurst*, 523 S.W.3d at 847 (holding payment thirty days after the date of the appraisal award was timely). Under this court's binding precedent in *Hurst* and *Zhu* and under the applicable standard of review, the summary-judgment evidence

---

[2] In 2017, the Legislature amended this statute effective September 1, 2017. *See* Act of May 17, 2017, 85th Leg., R.S., ch. 151, § 2, 2017 Tex. Sess. Law Serv. 293, 293 (codified at Tex. Ins. Code § 542.060). We quote the prior version of the statute, which is the version that applies in today's case. However, our analysis in this case would not be affected if the current version of the statute applied.

6

proved as a matter of law Liberty's entitlement to summary judgment on the Prompt Payment Act Claims because of Liberty's full and timely payment based on the appraisal award. *See Zhu*, 543 S.W.3d at 436–37; *Hurst*, 523 S.W.3d at 847.

**B.  What is the rationale for the rule that an insurer's full and timely payment of the amount owed to an insured based on an appraisal award precludes as a matter of law the insured's recovery on a claim under the prompt-payment statute?**

In an obiter dictum in *In re Slavonic Mut. Fire Ins. Ass'n*, this court first articulated the principle that an insurer's full and timely payment of the amount owed under the policy to an insured based on an appraisal award precludes as a matter of law the insured's recovery on a claim under the prompt-payment statute. *See In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d at 563–64. Since the parties filed their brief in today's case, this court twice has based holdings on this principle. *See Zhu*, 543 S.W.3d at 436–37; *Hurst*, 523 S.W.3d at 847. In none of these cases has this court explained the rationale behind this rule of law. We do so now to address the issues Marchbanks has raised in this case.

Under section 542.060(a)'s unambiguous language, to establish a right to recover the eighteen-percent interest and reasonable attorney's fees under the prompt-payment statute, the claimant must show that (1) a claim was made under an insurance policy, (2) the insurer is liable for the claim, and (3) the insurer failed to follow one or more sections of the prompt-payment statute with respect to the claim. *United Nat. Ins. Co. v. AMJ Investments, LLC*, 447 S.W.3d 1, 13 (Tex. App.—Houston [14th Dist.] 2014, pet. dism'd).

This court has concluded the second element—that the insurer is liable for a claim under the insurance policy—is not satisfied as a matter of law if the insured

7

does not recover any judgment based on the insurer's liability under the insurance policy.[3]  *See Triyar Companies, LLC v. Fireman's Fund Ins. Co.*, 515 S.W.3d 517, 529 (Tex. App.—Houston [14th Dist.] 2017, pet. denied).  An insurer's full and timely payment of the amount owed under the policy to an insured based on an appraisal award precludes as a matter of law the insured's recovery of a judgment against the insurer based on its liability under the insurance policy.  *See Zhu*, 543 S.W.3d at 434–36; *Hurst*, 523 S.W.3d at 845–47; *Amine v. Liberty Lloyds of Tex. Ins. Co.*, No. 01-06-00396-CV, 2007 WL 2264477, at *5 (Tex. App.—Houston [1st Dist.] Aug. 9, 2007, no pet.) (mem. op.).  Because the insured's failure to recover any judgment based on the insurer's liability under the insurance policy precludes the insured from recovering under the prompt-payment statute, this full and timely payment by the insurer also precludes the insured as a matter of law from recovering on a claim under the prompt-payment statute.  *See Triyar Companies, LLC*, 515 S.W.3d at 529; *Zhu*, 543 S.W.3d at 434–36; *Hurst*, 523 S.W.3d at 845–47; *Amine*, 2007 WL 2264477, at *5.

Some have argued that an insurer's voluntary payment of the amount owed based on an appraisal award constitutes sufficient proof of the second element of a prompt-payment claim, that the insurer is liable for a claim under the insurance policy.  *See Amine*, 2007 WL 2264477, at *4.  But, an appraisal award does not resolve whether the insurer is liable under the insurance policy.  *See Security Nat. Ins. Co. v. Waloon Inv., Inc.*, 384 S.W.3d 901, 905 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Amine*, 2007 WL 2264477, at *5.  Thus, an insurer's voluntary payment of the full amount owed based on an appraisal award does not mean that the insurer was liable under the insurance policy; this payment means

---

[3] As to the first and third elements, Marchbanks made a claim under the Policy, and we presume for the sake of argument that Liberty committed the Alleged Violations.

only that the insurance company chose not to seek to set aside the appraisal award and not to assert any defenses to its liability to pay the amount owed under the policy based on the appraisal award. *See Zhu*, 543 S.W.3d at 433; *Waloon Inv., Inc.*, 384 S.W.3d at 905; *Amine*, 2007 WL 2264477, at *5. If an insurer pays this full amount, the trial court will not thereafter be asked to determine whether the insurer is liable under the policy, and the insured will not recover a judgment for any amount under the policy to which an eighteen-percent interest rate might be applied. *See* Tex. Ins. Code. § 542.060(a); *Zhu*, 543 S.W.3d at 434–36; *Hurst*, 523 S.W.3d at 845–47; *Triyar Companies, LLC*, 515 S.W.3d at 529; *Amine*, 2007 WL 2264477, at *5.

The trial court dismissed Marchbanks's claim on the Policy as a matter of law based on Liberty's full and timely payment of the amount owed based on the appraisal award. The trial court severed that ruling into another case to create a final judgment, and Marchbanks does not assert in this appeal that he is entitled to recover judgment against Liberty based on any liability under the Policy. In this scenario, Marchbanks may not recover on his Prompt Payment Act Claims. *See* Tex. Ins. Code. § 542.060(a); *Zhu*, 543 S.W.3d at 434–36; *Hurst*, 523 S.W.3d at 845–47; *Triyar Companies, LLC*, 515 S.W.3d at 529; *Amine*, 2007 WL 2264477, at *5.

## C. Has the insured shown that the trial court erred in granting summary judgment on his Prompt Payment Act Claims?

In its summary-judgment motion Liberty cited the Thirteenth Court of Appeals's opinion in *Breshears*. *See Breshears v. State Farm Lloyds*, 155 S.W.3d 340 (Tex. App.—Corpus Christi 2004, pet. denied). Marchbanks asserts that *Breshears* does not support the ground on which the trial court granted summary judgment. *See id*. Presuming, without deciding, that this argument is correct, the

cases cited above from the Fourteenth Court of Appeals and the First Court of Appeals do support this ground.

Marchbanks also relies upon the reasoning of the federal district court in *Graber v. State Farm Lloyds*. *See* No. 3:13-CV-2671-B, 2015 WL 3755030, at *8–10 (N.D. Tex. June 15, 2015), *disapproved of by*, *Mainali Corp. v. Covington Specialty Ins. Co.*, 872 F.3d 255, 259 (5th Cir. 2017). This reasoning conflicts with precedent binding on this court.[4] *See Triyar Companies, LLC*, 515 S.W.3d at 529; *Zhu*, 543 S.W.3d at 434–36; *Hurst*, 523 S.W.3d at 845–47. We must follow our own precedent rather than the *Graber* opinion. In addition, the United States Court of Appeals for the Fifth Circuit has disapproved of the part of the *Graber* opinion upon which Marchbanks relies because the *Graber* court "did not recognize an *Erie* court's duty to follow state courts' interpretation of state law rather than the interpretation the federal court thinks makes the most sense."[5] *See Mainali Corp. v. Covington Specialty Ins. Co.*, 872 F.3d 255, 259 (5th Cir. 2017).

Marchbanks relies upon the opinion in *Cox Operating*, but the insured in that case recovered a judgment on its breach-of-contract claim without any appraisal process. *See Cox Operating, L.L.C. v. St. Paul Surplus Lines Ins. Co.*, 795 F.3d 496, 498–500 (5th Cir. 2015). Thus, *Cox Operating* is not on point. *See id.*

Marchbanks asserts that the ground on which the trial court granted summary judgment "runs afoul of the very purpose of the [Prompt Payment of Claims] Act." Marchbanks suggests that the Legislature's purpose in enacting this statute was to subject all insurers who violate a provision of the statute to the eighteen-percent interest penalty, even if the insured does not recover judgment for

---

[4] This court issued these precedents after the parties filed their appellate briefs in this case.

[5] The United States Court of Appeals for the Fifth Circuit issued its opinion in *Mainali Corp.* after the parties filed their appellate briefs in this case.

10

any amount owed by the insurer under the policy.

The Legislature did not expressly state its purpose in enacting the Prompt Payment of Claims Act. *See* Tex. Ins. Code Ann § 542.051, *et seq*. (West 2013); *BankDirect Capital Finance LLC v. Plasma Fab, LLC*, 519 S.W.3d 76, 86 (Tex. 2017) (stating that "our 181 legislators—who may have had 181 different motives, reasons, and understandings—nowhere codified an agreed purpose"). As adjudicators we must read the prompt-payment statute as written by the Legislature, in a manner faithful to what the law actually says, despite any imperfections in the statute. *See BankDirect Capital Finance LLC*, 519 S.W.3d at 86. When decoding statutory language, courts must adhere to the Legislature's prescribed means (legislative handiwork), not its presumed intent (judicial guesswork): "We must rely on the words of the statute, rather than rewrite those words to achieve an unstated purpose." *Id*. at 86–87 (quoting *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 571 (Tex. 2014) (plurality op.)) (internal quotations omitted). This court has concluded that under the Legislature's unambiguous language, (1) the insurer's full and timely payment of the amount owed under the policy based on an appraisal award precludes the insured as a matter of law from recovering a judgment against the insurer based on its liability under the insurance policy, and (2) such a payment also precludes the insured as a matter of law from recovering on a claim under the prompt-payment statute. *See Triyar Companies, LLC*, 515 S.W.3d at 529; *Zhu*, 543 S.W.3d at 434–36; *Hurst*, 523 S.W.3d at 845–47.

Marchbanks also contends that Liberty's construction of the statute conflicts with the "Texas Supreme Court's decision to hold insurers who partially pay claims liable for penalty interest on the unpaid portions of those claims until they are fully paid," presumably regardless of whether the insured recovers a judgment

11

against the insurer based on its liability under the insurance policy. Marchbanks indicates that *Republic Underwriters Ins. Co. v. Mex–Tex, Inc.* is such a decision by the Supreme Court of Texas. *See* 150 S.W.3d 423, 426 (Tex. 2004). The *Mex–Tex* court did not articulate this proposition; in that case, the insured recovered a judgment against the insurer based on the insurer's liability under the insurance policy and the high court held that the insured could recover under the prompt-payment statute. *See id*. at 425-428. The *Mex–Tex* case is not on point. *See id*.

Marchbanks asserts that Liberty's construction of the statute "undermines the public policy interest in holding an insurer liable for statutory interest when it underpays a claim and later invokes appraisal." This court is not a legislative body. *In re Evans*, 130 S.W.3d 472, 486 (Tex. App.—Houston [14th Dist.] 2004 [mand. denied], orig proceeding). Our role is not to second-guess the public-policy choices that inform statutes or to weigh the effectiveness of their results. *See McIntyre v. Ramirez,* 109 S.W.3d 741, 748 (Tex. 2003); *In re Evans*, 130 S.W.3d at 486. Instead, we review the statutory language, search for the legislative intent expressed in this language, and strive to give full effect to all of the statutory terms. *See In re Evans*, 130 S.W.3d at 486. We must find the legislative intent in the statutory language and not elsewhere. *See id.*

Marchbanks has not shown that the trial court erred in granting summary judgment as to his Prompt Payment Act Claims.

**D.    Does the *Menchaca* case apply to the analysis in today's appeal?**

Roughly a week after Marchbanks filed his appellate brief in today's case, the Supreme Court of Texas issued its first opinion in *USAA Texas Lloyds Co. v. Menchaca*. *See* No. 14-0721, 2017 WL 1311752 (Tex. Apr. 7, 2017), *reh'g granted* (Dec. 15, 2017*), opinion withdrawn and superseded*, 545 S.W.3d 479 (Tex. 2018). Therefore, Marchbanks could not and did not argue in his appellate

brief that under the *Menchaca* case, the trial court erred in granting summary judgment. *See id.* The opinion of the *Menchaca* court on rehearing articulates five rules regarding insurance claims, but none of these rules govern the analysis in today's appeal. *See USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489–501 (Tex. 2018). The *Menchaca* case did not involve a prompt-payment claim or an appraisal award. *See id.* The *Menchaca* court did not interpret any language in the prompt-payment statute. *See id.* Even presuming that an insured may recover benefits under the insurance policy as actual damages under the insured's Prompt Payment Act claims, *Menchaca* does not address whether an insured may recover eighteen-percent interest under the prompt-payment statute in the absence of any recovery of benefits under the insurance policy. *See id.* Though the *Menchaca* court outlined important principles of insurance law, these principles do not apply in the analysis of Marchbanks's appeal. *See id.*

### III. CONCLUSION

Even presuming that Liberty committed the Alleged Violations of the Prompt Payment of Claims Act, the trial court did not err in granting summary judgment on Marchbanks's Prompt Payment Act Claims due to Liberty's full and timely payment of the amount owed under the Policy based on an appraisal award. Our recent decisions in *Zhu* and *Hurst* require that we affirm the trial court's summary judgment. This outcome aligns with precedent from this court holding that an insurer's full and timely payment of the amount owed under the policy based on an appraisal award precludes the insured as a matter of law from recovering a judgment against the insurer based on its liability under the insurance policy, and that the insured's failure to recover any judgment based on the insurer's liability under the insurance policy precludes the insured from recovering under the prompt-payment statute. Thus, we overrule Marchbanks's sole appellate

issue and affirm the trial court's judgment.


                    /s/     Kem Thompson Frost
                            Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and Jewell.