**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Teresa NICKERSON, Appellee.**

**No. 06–03–00036–CV.**

Court of Appeals of Texas,
Texarkana.

Submitted Feb. 19, 2004.

Decided March 18, 2004.

---

———

Michelle E. Robberson, Cooper & Scully, PC, Dallas, for appellant.

Jesse L. Nickerson III, Nickerson Law Office, Paris, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

State Farm Mutual Automobile Insurance Company appeals from a judgment in an underinsured motorist (UM) lawsuit. State Farm complains not about damages or liability, but originally complained only about the court's order directing the insurer to pay Nickerson's attorney's fees and to also pay prejudgment interest from the date of the filing of the underlying lawsuit. State Farm, based on the Texas Supreme Court's action denying petition in *Menix v. Allstate Indem. Co.*, 83 S.W.3d 877 (Tex. App.-Eastland 2002, pets. denied [2 pets. ]), has now withdrawn its issue on prejudgment interest. Thus, we now address only the question of whether attorney's fees are available in this type of action.[1]

Teresa Nickerson was in an automobile accident in 1992 that caused injuries to her back and neck. Both she and the other driver were insured by State Farm. Nickerson filed suit in 1994, and at some point before October 1996, she accepted the policy limits of $25,000.00 under the other driver's liability policy and $10,000.00 in personal injury protection (PIP) benefits for medical expenses under her own policy. She believed this was insufficient and then sued State Farm November 7, 1994, to recover under the uninsured motorist portion of her policy. Nickerson won a jury trial. The jury awarded her $225,000.00 in actual damages and $46,500.00 in attorney's fees. After verdict, but before the judgment was signed, State Farm tendered Nickerson a check for damages, less liability/PIP offsets of $35,000.00, excluding attorney's fees, and including post-judgment interest in the amount of $191,294.52.

The trial court, in its final judgment, awarded actual damages, and prejudgment interest from the date suit was filed (November 7,1994) of $181,849.32, for a total of $371,849.32. Actual damages plus pre-

---

1. The Texas Supreme Court denied petition in *Menix* less than a week before oral argument was scheduled in this case. State Farm contacted this Court and informed us that it wished to waive oral argument, and also informed us that it was pursuing settlement with Nickerson. State Farm tendered the remaining policy limits to Nickerson and has since informed us that it wishes to withdraw its contention of error as to the prejudgment interest award.

judgment interest, less offsets, exceeded the policy limits of $300,000.00. The court therefore awarded judgment for the UM policy limits. In addition, the court also ordered State Farm to pay Nickerson's attorney's fees and also any postjudgment interest at ten percent from the date of signing of the judgment.

■ State Farm contends the trial court erred by rendering judgment for Nickerson for $46,500.00 in attorney's fees. Both parties treat the fees as being sought and awarded pursuant to TEX. CIV. PRAC. & REM.CODE ANN. §§ 38.001, 38.002 (Vernon 1997).[2] State Farm quite simply argues: there was no breach of contract, and when it was determined that we were liable, we paid. That position is based on language in *Henson v. S. Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 654 (Tex.2000), stating that neither filing a claim nor filing suit triggers an obligation to pay (the UM claim). Therefore, State Farm reasons that no amount owing could exist until a judicial determination of liability was made.

We find that situation to be no different from any other contractual dispute in which liability is at issue. This Court held in *Whitehead v. State Farm Mut. Auto. Ins. Co.*, 952 S.W.2d 79 (Tex.App.-Texarkana 1997), *rev'd & rendered on other grounds*, 988 S.W.2d 744 (Tex.1999), that, in the context of a UM lawsuit, an award of attorney's fees to a plaintiff recovering on a valid claim founded on a written contract, preceded by proper presentment, is mandatory.

In reaching that decision, we reasoned this was simply a claim on a contract, outside typical insurance liability contexts, and that, where a valid claim existed, and proper presentment was made, there was no reason to treat the claim any differently than any other contract claim. Therefore, we found attorney's fees were appropriate.[3]

2. There is also a section of the Insurance Code providing that a claimant is entitled to attorney's fees as costs if the insurer does not comply with the terms of the statute. TEX. INS.CODE ANN. art. 21.55, § 6 (Vernon Supp. 2004) (Texas Revised Civil Statutes). That section involves notice, acceptance/rejection of claims or payment of claims, with timetables for each activity. *See Allstate v. Bonner*, 51 S.W.3d 289, 291 (Tex.2001). There is no suggestion that the Insurance Code provision applies or that State Farm did not act within the timetables set out by the Code. Under that section, an insured may be entitled to statutory penalties and attorney's fees for the insurer's failure to timely pay the claim within the statutory time period. *See Northwestern Nat'l County Mut. Ins. Co. v. Rodriguez*, 18 S.W.3d 718 (Tex.App.-San Antonio 2000, pet. denied); *Lias v. State Farm Mut. Auto. Ins. Co.*, 45 S.W.3d 330, 336 (Tex.App.-Dallas 2001, no pet.).

3. *Allstate Ins. Co. v. Lincoln*, 976 S.W.2d 873, 875–76 (Tex.App.-Waco 1998, no pet.), and *Novosad v. Mid–Century Ins. Co.*, 881 S.W.2d 546, 552 (Tex.App.-San Antonio 1994, no writ), also held that a claimant for UM bene-fits was entitled to attorney's fees. Two other courts have held that a claimant for UM bene-fits was not entitled to attorney's fees where the insurance company promptly paid the claim for UM benefits after a judicial determination of the uninsured/underinsured motorist's fault and the amount of damages. *Sprague v. State Farm Mut. Auto. Ins. Co.*, 880 S.W.2d 415, 416–17 (Tex.App.-Houston [14th Dist.] 1993, writ denied); *Sikes v. Zuloaga*, 830 S.W.2d 752, 754 (Tex.App.-Austin 1992, no writ).

All five courts recognized that the following elements are required for recovery of attorney's fees under Section 38.001:
(1) recovery of a valid claim in a suit on a written or oral contract;
(2) representation by an attorney;
(3) presentment of the claim to the opposing party; and
(4) failure of the opposing party to tender payment of the just amount owed within thirty days of presentment.

*See* TEX. CIV. PRAC. & REM.CODE ANN. § 38.002 (Vernon 1997).

We recognize that the Eastland Court of Appeals also discussed this issue in *Menix*, ultimately concluding that, because there was no amount due and owing until there was a judicial determination of liability and the amount of damages, and because the payment was timely made, Allstate did not owe attorney's fees under Section 38.001 because there was no "just amount owed" as required by Section 38.002 until the judicial determination was made of the damages and payment then was timely made to the insured. *Menix*, 83 S.W.3d at 885 (citing *Sprague v. State Farm Mut. Auto. Ins. Co.*, 880 S.W.2d 415, 416–17 (Tex.App.-Houston [14th Dist.] 1993, writ denied); *Sikes v. Zuloaga*, 830 S.W.2d 752, 754 (Tex.App.-Austin 1992, no writ)).

■ We find that argument unpersuasive. If Section 38.002(3) is so read, then attorney's fees cannot be recovered in any contractual dispute that results in litigation, provided the losing party promptly pays after the "just amount owed" is determined through that litigation. That is not the meaning of the term. The section states that, to recover attorney's fees, *inter alia,*

(3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented.

Tex. Civ. Prac. & Rem.Code Ann. § 38.002(3). The phrase "claim is presented" *is not equivalent to* "judgment is rendered."

The Eastland court's holding on this issue was in the alternative and made only after the court decided Menix was not entitled to attorney's fees because he had no affirmative pleading seeking attorney's fees. *Menix*, 83 S.W.3d at 882. Under those circumstances, we decline to regard the Texas Supreme Court's denial of petition in *Menix* as an indication we should depart from the position we took on this issue in *Whitehead.*

Nickerson additionally argues that, because the "just amount owed" was not paid, but only the amount State Farm (incorrectly) believed was due under the judgment, then the payment has not been timely made and attorney's fees are recoverable. State Farm argued originally it had paid the correct amount and had paid within thirty days after the amount was found to be due. *See* Tex. Civ. Prac. & Rem.Code Ann. § 38.002(3).[4] Therefore, State Farm argued, it had not breached the insurance contract in any respect, but has instead paid the "just amount owed" as required by the statute to avoid imposition of attorney's fees under that chapter.

That scenario has changed somewhat, since State Farm has now acceded to the Texas Supreme Court's denial of petition in *Menix*, paid the remaining policy limits, and dropped its contention that the lesser amount was the true "just amount owed." Nevertheless, under our decision in *Whitehead*, that distinction is not relevant to our analysis. Even though State Farm eventually paid after a judicial determination, and even if that payment was timely, State Farm did not pay on the claim made on the contract, and Nickerson was required to enforce her right to payment through the courts. That, in a contract situation, is the context in which attorney's fees are properly recoverable.

We overrule the point of error and affirm the judgment.

---

4. The Texas Supreme Court has held that Article 2226 (now Section 38.001, Texas Civil Practice and Remedies Code) was not intend-
ed to penalize a party for asserting a purported right under a contract. *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex.1983).