NUMBER 13-05-730-CV


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


IMELDA GONZALES, JUAN HINOJOSA,

AND ROMEO AND MARY SAENZ, Appellants,


v.


STATE FARM LLOYDS, Appellee.

 


On appeal from the County Court at Law No. 2 


of Nueces County, Texas

 


MEMORANDUM OPINION



Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Garza
 Imelda Gonzales, Juan Hinojosa, and Romeo and Mary Saenz appeal from a
summary judgment granted in favor of State Farm Lloyds in a suit for breach of an
insurance contract and violations of the insurance code. We affirm. 


I. Background

 This appeal involves three claims for benefits made by three different homeowners
insured by State Farm. The cases were consolidated by the trial court. In each of the
claims, appellants hired Gulf Coast Construction Co. (GCC), a general contractor owned
by Chuck Ward. The facts are set forth below. See Tex. R. App. P. 38.1(f). 

A. Hinojosa's Claim

 On July 22, 1999, Hinojosa hired GCC in connection with a potential claim for a
plumbing reroute against State Farm. Ward reportedly sent an "Assignment of Interest and
Homeowners Authorization" to State Farm that day. On August 16, State Farm refused
to pay GCC $21,263.80, which exceeded State Farm's evaluation based on the average
charges in the Corpus Christi area. However, State Farm did pay $16,305.96 prior to
Hinojosa filing suit. 

B. The Saenz Claim

 On January 17, 2000, Mr. Saenz hired GCC in connection with a potential claim for
a plumbing reroute against State Farm. Ward reportedly sent an "Assignment of Interest
and Homeowners Authorization" to State Farm at that time. From February 8 through May
30, GCC sent State Farm bills for $16,145.32, $4,230.61 and $3,763.50 for its work. State
Farm paid a total of $13,913.91 on the claim prior to suit being filed. 

C. Gonzales' Claim 

 Gonzales also hired GCC in connection with a potential claim for a plumbing reroute
against State Farm. GCC submitted an invoice to State Farm for $3,827.58. Gonzales
sued State Farm contending that it had refused to pay the invoice. State Farm paid a total
of $27,823.75 on Gonzales' claim prior to suit being filed.

 Appellants filed suit on October 24, 2000. The trial court referred the parties to
appraisal pursuant to State Farm's policy conditions. On February 19, 2002, the appraisal
results revealed that the amount of loss for Hinojosa was $20,436.96, $16,388.34 for
Saenz, and $27,172.38 for Gonzales. On March 18, 2002, State Farm paid an additional
$5,915.45 to Hinojosa, $2,296.07 to Saenz, and $2,554.52 to Gonzales. Thereafter, at the
depositions of each plaintiff and their contractor, State Farm learned that the policy holders'
agreements with GCC only required them to pay as much as they each received from State
Farm. State Farm considered this information significant because, pursuant to its
insurance policy, it was not obligated to pay more than the smallest of its policy limits, the
cost of repair or the actual cost of repair. State Farm filed traditional and no-evidence
motions for summary judgment against each plaintiff on multiple grounds. The trial court
granted the motions without specifying the grounds. 

 On appeal, appellants contend the trial court erred in granting summary judgment
because (1) there was evidence that State Farm breached its insuring contract and violated
Texas Insurance Code article 21.55, and (2) appellants' summary judgment evidence
raised an issue of fact as to the breach of contract and violation of article 21.55 claims. 
See Tex. Ins. Code Ann. art. 21.55 (currently codified as Tex. Ins. Code Ann. §§ 542.051-.061 (Vernon 2005)). Appellants also urge this Court to overrule its two prior decisions in
Breshears v. State Farm Lloyds, 155 S.W.3d 340 (Tex. App.-Corpus Christi 2004, pet.
denied) and Brownlow v. United Servs. Auto. Ass'n, 2005 Tex. App. LEXIS 1987 (Tex.
App.-Corpus Christi Mar. 17, 2005, pet. denied).

II. Summary Judgment

 The summary judgment entered by the trial court did not state the specific grounds
upon which the summary judgment was granted. When there are multiple grounds for
summary judgment and the order does not specify the ground on which the summary
judgment was granted, as here, appellants must negate all grounds on appeal. See Star-Telegram, Inc., v. Doe, 915 S.W.2d 471, 474 (Tex. 1995); State Farm Fire & Cas. Co. v.
S.S., 858 S.W.2d 374, 381 (Tex. 1993); Lewis v. Adams, 979 S.W.2d 831, 833 (Tex.
App.-Houston [14th Dist.] 1998, no pet.) (holding that summary judgment must be affirmed
where multiple grounds are asserted and the appellant does not attack all grounds on
appeal); Evans v. First Nat. Bank of Bellville, 946 S.W.2d 367, 377 (Tex. App.-Houston
[14th Dist.] 1997, writ denied). If the appellant fails to negate each ground upon which the
judgment may have been granted, the appellate court must uphold the summary judgment. 
See Star-Telegram, Inc., 915 S.W.2d at 474; State Farm Fire & Cas. Co., 858 S.W.2d at
381; Lewis, 979 S.W.2d at 833; Evans, 946 S.W.2d at 377. 

 In their brief, appellants fail to negate each ground upon which the summary
judgment may have been granted. Specifically, State Farm moved for summary judgment
against each appellant on the following grounds: (1) on the policy claim, arguing that (a)
nothing was owed when suit was filed because of appellants' agreements with GCC, (b)
the contract with GCC was illegal, (c) recovery was precluded by GCC's attempting to
circumvent the "no assignment" clause of the insurance policies, and (d) the appraisal
award showed no additional contract benefits were owed; (2) on the bad faith claims,
arguing that (a) State Farm did not breach the contract, and (b) appellants had no evidence
of extra-contractual damages; (3) on the prejudgment interest claim, arguing that no
prejudgment interest was owed because (a) contractual benefits were paid timely and (b)
no liability could arise until appellants complied with all policy conditions; (4) there was no
evidence of liability under the Prompt Payment of Claims Act, see Tex. Ins. Code Ann. §§
542.051-.061, because (a) there was no compliance with policy conditions precedent and
(b) there was no evidence to show any penalty interest was owed; and (5) no attorneys'
fees were owed (a) for breach of contract or (b) under any statute. 

 On appeal, appellants summarily assert that summary judgment was improper
because there was evidence that State Farm breached its contract and violated article
21.55. However, appellants have failed to negate the other grounds for summary
judgment. Because appellants have failed to attack all possible grounds upon which
summary judgment may have been granted, we uphold the summary judgment. See Star-Telegram, Inc., 915 S.W.2d at 474; State Farm Fire & Cas. Co., 858 S.W.2d at 381; Lewis,
979 S.W.2d at 833; Evans, 946 S.W.2d at 377. Moreover, appellants' brief merely sets
forth the summary judgment evidence presented in support of their responses to State
Farm's motions for summary judgment and fails to include a clear and concise argument
for the contentions made and citations to appropriate authorities in support of their
argument that summary judgment was improper. See Tex. R. App. P. 38.1(h). Instead, as
we will discuss below, appellants' argument and authority on appeal focuses on their
position that this Court should overrule its two prior decisions in Breshears and Brownlow.

III. Precedent

 Appellants argue that, in order to properly apply article 21.55 and Chapter 38 of the
Texas Civil Practice and Remedies Code, this Court must overrule its decisions in
Breshears and Brownlow. See Breshears, 155 S.W.3d 340; Brownlow, 2005 Tex. App.
LEXIS 1987. In support of their argument, appellants refer us to "the applicable law" as
argued in the briefs filed in the Breshears and Brownlow cases. Rule 38.1 requires that
the issues and pertinent facts be set forth in the appellate brief and clearly requires that the
brief contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record. See Tex. R. App. P. 38.1(h). We refuse to
incorporate arguments presented in other matters and thus, will only consider the
contention discussed in their brief in support of this point. See Guerrero v. Tarrant County
Mortician Servs. Co., 977 S.W.2d 829, 832-33 (Tex. App.-Fort Worth 1998, pet. denied);
see also Glover v. Columbia Fort Bend Hosp., 2002 Tex. App. LEXIS 4738, at *15 (Tex.
App.-Texarkana July 3, 2002, no pet.) (not designated for publication); AT&T Corp. v.
Southwestern Bell Tel. Co., 2000 Tex. App. LEXIS 193, at *21 (Tex. App.-Dallas Jan. 11,
2000, no pet.) (not designated for publication) (citing Guerrero and stating that "[a] claim
of error on appeal must be argued in the party's brief; it is insufficient simply to refer the
appellate court to the party's trial court arguments made in response to a motion for
summary judgment."). 

 Appellants cite to State Farm Mut. Auto. Ins. Co. v. Nickerson, in support of their
contention that this Court should overrule its decisions. Nickerson, 130 S.W.3d 487 (Tex.
App.-Texarkana 2004, pet. granted). However, appellants merely state that Nickerson,
which is now pending before the supreme court, was brought to this Court's attention in the
Brownlow briefing. Appellants have neglected to explain the significance of the Nickerson
case to this appeal and have failed to develop any meaningful argument that would compel
us to overrule our prior decisions. In addition, appellants insist that this Court should follow
article 21.55 which states "[t]his subchapter shall be liberally construed to promote the
prompt payment of insurance claims" and section 38.005 of the civil practice and remedies
code which states "[t]his chapter shall be liberally construed to promote its underlying
purposes." See Tex. Ins. Code Ann. art. 21.55 (currently codified as Tex. Ins. Code Ann.
§§ 542.051-.061); Tex. Civ. Prac. & Rem. Code Ann. § 38.005 (Vernon 1997). (1) 

 Although it is clear appellants disagree with this Court's precedent in Breshears and
Brownlow, appellants have produced no controlling authority to compel reversal of the
respective holdings in those cases, nor have appellants provided any arguments in this
case that we have not already addressed and rejected in Breshears and Brownlow. 
Accordingly, appellants' issue is overruled. 

 The judgment of the trial court is affirmed. 

 

 _________________________ 

 DORI CONTRERAS GARZA, 

 JUSTICE

 

Memorandum Opinion delivered and 

filed this the 10th day of August, 2006. 
1. We note that appellants did not bring the Nickerson case or the applicability of section 38.005 to the
trial court's attention in their response to State Farm's motions for summary judgment. Any issue which the
non-movant claims would justify denying summary judgment must be included in its response. Garrod Invs.,
Inc., v. Schlegel, 139 S.W.3d 759, 765 (Tex. App.-Corpus Christi 2004, no pet.) (citing Stewart v. Tex. Lottery
Comm'n, 975 S.W.2d 732, 735 (Tex. App.-Corpus Christi 1998, no pet.)).