**STATE FARM MUTUAL AUTOMO-BILE INSURANCE COMPA-NY, Petitioner,**

v.

**Teresa NICKERSON, Respondent.**

No. 04–0427.

Supreme Court of Texas.

Argued April 14, 2005.

Decided Dec. 22, 2006.

Michelle E. Robberson, Steven Dillon Roberts, Mark Anthony Teague, R. Brent Cooper, Cooper & Scully, P.C., Dallas, for petitioner.

Jesse L. Nickerson III, Nickerson Law Office, James R. Rodgers, The Moore Law Firm, Paris, for respondent.

J. Wade Birdwell, Wallach, Andrews & Stouffer, P.C., Fort Worth, for Amicus Curiae Judith Moss, D.O.

Chief Justice JEFFERSON delivered the opinion of the Court.

The issue in this case is whether an insured can recover attorney's fees under Chapter 38 of the Civil Practice and Remedies Code from her underinsured motorist (UIM) insurer.

---

Teresa Nickerson was injured in an automobile collision with Calvin Christopher. Nickerson sued Christopher, but she released her claims against him after accepting a $25,000 payment representing the limits of Christopher's insurance policy. Nickerson also accepted a $10,000 payment of personal injury protection (PIP) benefits from State Farm. Believing her damages to be greater than Christopher's policy limits, Nickerson sued State Farm to recover under the UIM provision of her policy, which had a $300,000 limit. At trial, Nickerson sought to establish Christopher's liability and recover attorney's fees under Texas Civil Practice and Remedies Code subsections 38.001 and 38.002.

On November 13, 2002, a jury found that Christopher's negligence proximately caused Nickerson's damages and awarded her $225,000 in actual damages and $46,500 in attorney's fees incurred during trial. On December 4, 2002, State Farm paid Nickerson $191,294.52, representing the actual damages ($225,000), minus offsets ($35,000), plus interest on $190,000 at a rate of ten percent simple interest from November 13, 2002, through December 4, 2002. The trial court signed a final judgment on December 6, 2002, finding that Nickerson was entitled to actual damages of $225,000 plus prejudgment interest of $181,849.32 accruing from the date suit was filed until the day prior to judgment. Based on these findings it awarded Nickerson $300,000, the limit of her UIM policy. Additionally, the trial court awarded Nickerson $46,500 in attorney's fees and postjudgment interest.

On appeal, State Farm initially challenged both the attorney's fees and prejudgment interest awards, but later withdrew the prejudgment interest issue, and on November 18, 2004, paid the remainder of the UIM policy limit of $300,000. The court of appeals affirmed the trial court's judgment. 130 S.W.3d 487.

The only issue on appeal to this Court is whether the attorney's fee award was proper. In *Brainard v. Trinity Universal Insurance Company,* also issued today, we hold that an insured may recover attorney's fees under Chapter 38 only if the insurer does not tender the UIM benefits within thirty days after the trial court signs a judgment establishing liability and underinsured status of the other motorist. 216 S.W.3d 809, 817, 2006 WL 3751572 *8 (Tex.2006). In this case, State Farm had no contractual duty to pay benefits until the trial court rendered judgment for Nickerson. *Brainard,* 216 S.W.3d at 817, 2006 WL 3751572 at *8. Thus, there was no "just amount" for State Farm to owe, and Nickerson had no claim to present before the trial court rendered judgment. Tex. Civ. Prac. & Rem.Code § 38.002(3). Therefore, the trial court erred in awarding Nickerson attorney's fees incurred during the trial, and the court of appeals erred in affirming that judgment.

For the reasons stated in *Brainard,* we reverse that part of the court of appeals' judgment awarding attorney's fees incurred during the trial and render judgment for State Farm on that issue. Tex. R.App. P. 60.2(c). We affirm the remainder of the court of appeals' judgment. *Id.* 60.2(a).

Justice O'NEILL did not participate in the decision.