

# NUMBER 13-18-00676-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ERNEST PERRY

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Chief Justice Contreras[1]**

Relator Ernest Perry filed a petition for writ of mandamus and supplemental petition

for writ of mandamus in the above cause seeking to compel the trial court to order the

deposition of a representative of the real party in interest, State Farm Mutual Automobile

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so.  When granting relief, the court must hand down an opinion as in any other case."); *see also id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Insurance Company (State Farm).[2]  We conditionally grant the petition for writ of mandamus in part and deny it in part.

## I. BACKGROUND

Perry filed suit against State Farm in cause number 2018-CV-3342-DC in the 267th District Court of Calhoun County, Texas.  In his "Original Petition," Perry alleged that he was injured in an automobile accident proximately caused by another driver, Rene Barrientes, who was driving an underinsured[3] vehicle.  Perry alleged that he was an insured driver of State Farm and that he was bringing the lawsuit to recover benefits pursuant to his State Farm policy regarding uninsured/underinsured (UM/UIM) motorist coverage.  State Farm had not paid Perry these benefits, and thus Perry alleged a cause of action against State Farm for breach of contract.  He further sought a declaratory judgment that he "was a covered person under a policy of insurance issued by [State Farm] at the time of the collision," that he "had uninsured/underinsured coverage under the policy of insurance" issued by State Farm, "that an uninsured/underinsured driver, Rene Barrientes, was the 'at-fault' party," and that Barrientes "was negligent and/or negligent per se and said negligence was the proximate cause" of Perry's injuries.

In response to Perry's petition, State Farm filed its "Special Exceptions and Original Answer," which included a general denial, the denial of conditions precedent,

---

[2] This original proceeding arises from trial court cause number 2018-CV-3342-CV in the 267th District Court of Calhoun County, Texas, and the respondent is the Honorable Jack W. Marr.  *See* TEX. R. APP. P. 52.2.

[3] Under the insurance code, "uninsured or underinsured motorist coverage" means the provisions of an automobile liability insurance policy that provide for coverage in at least the limits prescribed by the transportation code that protects insureds who are legally entitled to recover damages for bodily injury, sickness, disease, or death, or property damage resulting from the ownership, maintenance, or use of any motor vehicle from owners or operators of uninsured or underinsured motor vehicles.  TEX. INS. CODE ANN. § 1952.101 (West, Westlaw through 2017 1st C.S.).

2

special exceptions, and a request for offsets and credits. State Farm specially excepted to Perry's petition because it failed to "state the factual basis for any breach of contract" and because it failed to "establish standing or a right to proceed" under the Uniform Declaratory Judgment Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001-.011 (West, Westlaw through 2017 1st C.S.). In its denial of conditions precedent, State Farm denied that Perry had "fully complied with all terms of the insurance policy as a condition precedent to bringing this suit in that Plaintiff has failed to present sufficient information to Defendant to show Plaintiff's entitlement to the benefits claimed under the policy." State Farm requested offsets and credits as to Perry's damages "including the amounts paid or payable by the other vehicle's liability insurance company and Personal Injury Protection benefits paid by Defendant." State Farm also pleaded that Perry's request for attorney's fees was "not applicable or are moot." State Farm generally denied Perry's claims and requested that Perry "be required to prove the charges and allegations against Defendant by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas."

Perry filed a notice of intent to take the deposition of a representative or representatives of State Farm. He requested State Farm to produce the witness or witnesses having the most knowledge of the following areas:

1. Any policy(ies) of insurance issued or underwritten by the Defendant applicable to the collision made the subject of this suit;

2. The occurrence or non-occurrence of all condition(s) precedent under the contract, including, but not limited to, coverage by the Defendant; collision with an underinsured motorist; injury to the Plaintiff; and compliance by the Plaintiff with the terms and conditions of his policy(ies);

3

3.  Plaintiff's reasonableness and necessity of past and future medical bills caused by the collision made the subject of this suit;

4.  Any facts supporting Defendant's legal theories and defenses;

5.  Any information regarding Defendant's experts;

6.  The amount and basis for the Defendant's valuation of the Plaintiff's damages; and

7.  The nature and causation of Plaintiff's alleged injuries sustained in the collision made the basis of this suit.

8.  The damage sustained by all vehicles involved in the collision at issue;

9.  Whether Rene Barrientes was an uninsured/underinsured motorist at the time of the collision;

10. Whether Rene Barrientes was driving an uninsured/underinsured vehicle at the time of the collision;

11. Defendant's contention that Plaintiff has failed to "fully comply with all terms of the insurance policy as a condition precedent to bringing this suit in that Plaintiff failed to present sufficient information to Defendant to show Plaintiff's entitlement to the benefits claimed under the policy";

12. Whether the term "uninsured/underinsured motor vehicle" is correctly defined in the Defendant's insurance policy at issue in this lawsuit;

13. Defendant's claims and defenses regarding Plaintiff's assertions in this lawsuit;

14. Defendant's contention that it is entitled to "offsets and credits" for the personal injury protection (PIP) benefits;

15. Defendant's contention that it is "entitled to all offsets and credits, including the amounts paid or payable by the other vehicle's liability insurance company"; and

16. Defendant's contention that it generally denies Plaintiff's allegations.

In response, State Farm filed a "Motion to Quash and for Protective Order." In relevant part, State Farm explained that Perry had a policy of insurance that includes uninsured/underinsured motorist benefits and that the underlying accident was a covered event pursuant to that policy. State Farm asserted that the remaining issues in the lawsuit are liability as between Perry and Barrientes, and the amount of Perry's damages resulting from the motor vehicle accident alleged to be the basis of this lawsuit, "if any." In support of its motion, State Farm offered a stipulation stating, in its entirety, as follows:

Stipulation of Facts

1. The alleged accident at the basis of this suit occurred in Calhoun County, Texas and involved Ernest Perry, Plaintiff in this lawsuit; and

2. Ernest Perry has a policy of insurance that included uninsured/underinsured motorist benefits underwritten by State Farm; and

3. The policy of insurance was in full force and effect on August 13, 2016 the date of the alleged accident; and

4. The underlying accident at the basis of this lawsuit is a covered event under the policy of insurance that Ernest Perry has with State Farm.

State Farm objected to Perry's notice of deposition as "overbroad, harassing and irrelevant to the issues of liability, damages and coverage in light of the stipulation" and pending "a judicial determination as to Barrientes's negligence and/or liability for the alleged motor vehicle accident, the existence and amount of Perry's damages, if any, and Barrientes's status as an uninsured/underinsured motorist." State Farm argued that the notice of deposition should be quashed because (1) the topics extend beyond the issues of liability and damages for the underlying accident and are irrelevant because State Farm is not liable until these issues have been determined; and (2) any area of inquiry listed

5

that requires a State Farm corporate representative to answer questions regarding the policy are premature until the issues of liability, damages, and coverage have been determined by a jury.

Perry filed a motion to compel the deposition. The trial court set the motion for a hearing on November 19, 2018. According to the argument presented at the hearing, Barrientes has settled Perry's claims against him. The record before this Court contains the settlement agreement which provides that Perry settled his claims regarding this incident with Barrientes, Velma Morales Barrientes, Lyndon Southern Insurance Company, and Pronto General Agency, Ltd. for $30,000. The agreement states that the released parties "expressly deny all liability."

After the hearing, which was not evidentiary in nature, the trial court granted State Farm's motion to quash and denied Perry's motion to compel the deposition. This original proceeding ensued. Perry contends that the trial court abused its discretion by quashing the deposition and denying his motion to compel and further asserts that he lacks an adequate remedy by appeal. This Court requested and received a response to the petition for writ of mandamus from State Farm which generally reiterated the arguments made previously in its motion to quash the deposition. Perry has filed a reply to State Farm's response and further filed a supplemental petition for writ of mandamus.

## II. MANDAMUS

Mandamus is an "extraordinary" remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *see In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). In order to obtain mandamus relief, the relator must show that the trial court clearly abused its discretion and that the relator has no adequate

6

remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *see In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding). A party has no adequate remedy by appeal to challenge a discovery order when the party's ability to present a viable claim or defense will be impaired by the trial court's error. *See, e.g., Able Supply Co. v. Moye*, 898 S.W.2d 766, 771–72 (Tex. 1995) (orig. proceeding); *In re Hinterlong*, 109 S.W.3d 611, 633 (Tex. App.—Fort Worth 2003, orig. proceeding).

### III. DISCOVERY

A party can seek discovery of unprivileged information that is relevant to the subject matter of the lawsuit, including inadmissible evidence, as long as the request is reasonably calculated to lead to the discovery of admissible evidence. TEX. R. CIV. P. 192.3(a); *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding). However, the broad scope of discovery is limited by the legitimate interests of the opposing party in avoiding overly broad requests, harassment, or the disclosure of privileged information. *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding). Discovery may be limited if (1) it is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or (2) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. TEX. R. CIV. P. 192.4.

The rules of civil procedure permit a party to take the deposition of "any person or entity." *Id.* R. 200.1(a); *see Crown Cent. Petroleum Corp. v. Garcia*, 904 S.W.2d 125,

7

127 (Tex. 1995) (construing the former rules of civil procedure); *In re Celadon Trucking Servs.*, 281 S.W.3d 93, 97 (Tex. App.—El Paso 2008, orig. proceeding). Generally speaking, a party to a suit has the right to depose the opposing party. *See Mobile Oil Corp. v. Floyd*, 810 S.W.2d 321, 323–24 (Tex. App.—Beaumont 1991, orig. proceeding); *see also In re Luna*, No. 13-16-00467-CV, 2016 WL 6576879, at *5 (Tex. App.—Corpus Christi Nov. 7, 2016, orig. proceeding) (mem. op.); *In re Doe*, No. 13-10-000590-CV, 2011 WL 1158765, at *1 (Tex. App.—Corpus Christi Feb. 10, 2011, orig. proceeding) (per curiam) (mem. op.). However, the person noticed for deposition also has the right to protection "from undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights." TEX. R. CIV. P. 192.6; *Crown Cent. Petroleum Corp.*, 904 S.W.2d at 127; *Monsanto Co. v. May*, 889 S.W.2d 274, 276 (Tex. 1994).

## IV. UM/UIM CASES

UM/UIM coverage provides payment to the insured of all amounts that the insured is legally entitled to recover as damages from owners or operators of underinsured motor vehicles because of bodily injury or property damage. *See* TEX. INS. CODE ANN. § 1952.105–.108 (West, Westlaw through 2017 1st C.S.). The insured's recovery, if any, cannot exceed the limits specified in the insurance policy and is reduced by the amount recovered or recoverable from the insurer of the underinsured vehicle. *Id.*

The UM/UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and the underinsured status of the other motorist. *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 815 (Tex. 2006). Therefore, to recover benefits under a UIM policy, a policy beneficiary must show (1) that

8

the insured has underinsured motorist coverage, (2) that the underinsured motorist negligently caused the accident that resulted in the covered damages, (3) the amount of the insured's damages, and (4) that the underinsured motorist's insurance coverage is deficient. *See id.* at 818; *State Farm v. Nickerson*, 216 S.W.3d 823, 824 (Tex. 2006); *In re Progressive Cty. Mut. Ins. Co.*, 439 S.W.3d 422, 426-27 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding); *In re United Fire Lloyds*, 327 S.W.3d 250, 255 (Tex. App.— San Antonio 2010, orig. proceeding). Accordingly, "a claim for [UIM] benefits is not presented until the trial court signs a judgment" resolving these issues. *Brainard*, 216 S.W.3d at 818; *see In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d 214, 220 (Tex. App.— Houston [1st Dist.] 2017, orig. proceeding).

The scope of discovery in UM/UIM cases "differs from other insurance disputes because, unlike most first-party cases in which the terms of the policy alone dictate the outcome, uninsured motorist coverage hinges on the liability of the alleged uninsured, at-fault third-party motorist, under applicable tort law." *In re State Farm Mut. Auto. Ins. Co.*, 553 S.W.3d 557, 564–65 (Tex. App.—San Antonio 2018, orig. proceeding) (quoting *In re Allstate Fire & Cas. Ins. Co.*, No. 12-17-00266-CV, 2017 WL 5167350, at *3 (Tex. App.— Tyler Nov. 8, 2017, orig. proceeding) (mem. op.)); *see In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d at 220. UM/UIM extra-contractual claims can be rendered moot if the insured does not obtain a judgment against the uninsured or underinsured motorist. *In re State Farm Mut. Auto. Ins. Co.*, 553 S.W.3d at 564–65; *In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d at 220–21; *see also In re Allstate Fire & Cas. Ins. Co.*, 2017 WL 5167350, at *4.

## V. ANALYSIS

Perry contends that the trial court abused its discretion by quashing the deposition and denying his motion to compel and asserts that he lacks an adequate appellate remedy to cure this error. Perry argues that this Court and its sister court in San Antonio have unequivocally held that quashing the deposition of an insurance company's corporate representative in a UIM case is a clear abuse of discretion. In support of his argument, Perry cites *In re Luna*, 2016 WL 6576879, at *7 and *In re Garcia*, No. 04-07-00173-CV, 2007 WL 1481897, at *2 (Tex. App.—San Antonio May 23, 2007, orig. proceeding) (per curiam) (mem. op.). Perry argues that State Farm "has not cited—and cannot cite—a UIM case in which the plaintiff was not permitted to depose the insurance company's corporate representative." In contrast, State Farm contends that it is premature for Perry to depose a State Farm representative because, inter alia, there has not been a judicial determination regarding Barrientes's negligence or liability for the accident, the existence and amount of Perry's damages, and Barrientes's status as an uninsured/underinsured motorist.[4]

As noted by Perry, this Court has previously addressed this issue in *In re Luna*, 2016 WL 6576879, at *1–8. There, this Court conditionally granted mandamus relief directing the trial court to allow the deposition of the insurer's representative in a UM case. *See id.* at *1. There, as in the foregoing cases, a stipulation covered many of the issues in the case but did not address causation or damages. *Id.* at *2–3, 6. However, a default judgment had been entered against the defendant driver. *Id.* at *1. Based on the

---

[4] State Farm further argued that Perry had not complied with Texas Rule of Appellate Procedure 52 insofar as the record was insufficient and the petition lacked the required certification. By supplemental petition for writ of mandamus, Perry cured these alleged deficiencies.

pleadings, State Farm was contesting both the cause of the accident and the amount of damages sustained by the plaintiff. *See id.* at *6. The topics encompassed by the deposition notice corresponded to the defenses and theories raised by State Farm or had a direct bearing on liability and damage issues, and those matters were not encompassed by the stipulation. *See id.* We concluded that information pertaining to liability and State Farm's defenses was relevant and discoverable absent a showing of privilege or other exemption authorized by the rules of civil procedure, and thus conditionally granted mandamus relief and ordered the trial court to withdraw its order quashing the deposition. *Id.* at *7–8.

In so ruling, we relied on an opinion issued by the San Antonio Court of Appeals, in which that court also conditionally granted mandamus relief and ordered the trial court to allow the deposition of State Farm's corporate representative in a case against State Farm for UM/UIM benefits. *See In re Garcia*, 2007 WL 1481897, at *2–3. In that case, the court concluded that the trial court erred in quashing the deposition in its entirety because doing so unreasonably restricted the plaintiff's access to relevant information regarding State Farm's multiple defenses and compromised her ability to present and prove her case. *Id.* As noted by the San Antonio Court of Appeals, the denial of discovery goes to the heart of a party's case when the party is prevented from developing essential elements of its claim or defense. *See id.*; *see also Able Supply Co.*, 898 S.W.2d at 772; *In re Ten Hagen Excavating, Inc.*, 435 S.W.3d 859, 863–64 (Tex. App.—Dallas 2014, orig. proceeding).

In another case, the First Court of Appeals concluded that the plaintiff was not entitled to depose the insurer's claims adjuster because the information sought through

11

the deposition was neither relevant to the plaintiff's pending claims nor reasonably calculated to lead to the discovery of admissible evidence. *In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d at 220. There, the relevant issues were liability for the car accident, the plaintiff's UM/UIM status, and the existence and amount of damages. *See id.* The court reasoned and held as follows:

> In determining whether [the plaintiff] is entitled to discovery on her declaratory judgment claim prior to a judgment on liability and damages regarding the underlying accident, we are guided by case law requiring the severance and abatement of extra-contractual claims. An insured must first establish that the insurer is liable on the contract before the insured can recover on extra-contractual causes of action against an insurer for failing to pay or settle an underinsured motorist insurance claim. Thus, extra-contractual claims must be severed and abated until the underinsured motorist breach of contract claim is determined. The rationale for requiring abatement and severance of these types of claims is that they may be rendered moot by a determination of underlying liability.
>
> We apply similar reasoning to the case at hand. Because Liberty Mutual's contractual obligations do not ripen until after [the plaintiff] has obtained a judgment against [the other driver] on liability, damages, and coverage, the requested discovery is irrelevant to any current claims, which are the building blocks for an eventual determination of the parties' contractual rights. An insurer is not required to incur litigation expenses on these issues because they may be rendered moot by the trial of the underlying accident.
>
> Our decision in *In re Progressive* is instructive. Progressive concerned, among other things, a trial court's refusal to abate discovery in an uninsured motorist case. 439 S.W.3d at 428. Our court recognized that, "to prevail on her extra-contractual claims . . . [the plaintiff] must demonstrate that [the insurer] was contractually obligated to pay her uninsured motorist claim." *Id.* at 427. Because the existence of coverage for the accident was not in dispute, this "will essentially involve the issues in a typical car wreck: the comparative negligence of [the plaintiff] and the other driver and [the plaintiff's] damages." *Id.* We reasoned that requiring the parties to engage in discovery on matters unrelated to these issues—including the insurer's uninsured motorist claims-handling history and its internal policies and procedures concerning the investigation of uninsured motorist claims— before the underlying liability was determined would be "manifestly unjust." *Id.* On this basis, we held that the trial court erred in refusing to abate discovery as to issues beyond the underlying car accident. *Id.* at 427-28.

12

As in *Progressive*, Liberty Mutual has conceded the existence of coverage—namely, that [the plaintiff] was an insured under the policy and that the underlying accident was a covered occurrence under the policy's UIM provisions. Accordingly, the remaining issues are those relating to the underlying accident: (1) [the other driver's] liability for the car accident, (2) [the other driver's] uninsured/underinsured status, and (3) the existence and amount of [the plaintiff's] damages. It is undisputed that there has been no judgment or other judicial determination as to any of these issues. Absent such judgment, Liberty Mutual owes no contractual or extra-contractual UIM duties.

The deposition of [the insurer's claims adjuster] is irrelevant to the issues currently pending in the case. [The claims adjuster's] only connection to the underlying car accident and resulting damages is that she is a claims adjuster for the insurance company that underwrites [the plaintiff's] policy and signed the company's discovery responses. [The claims adjuster's] testimony would not have "any tendency to make a fact more or less probable" as to any of the relevant issue in the current case. Although [her] testimony as to Liberty Mutual's claim-handling activities or its general policies and procedures is relevant to [the plaintiff's] extra-contractual claims, those claims have been properly severed and abated.

*Id.* at 220–22 (internal citations omitted). The court stated that the discovery at issue "may become relevant" in the future and discussed both *Luna* and *Garcia* as cases which conditionally granted mandamus relief to allow the deposition of the insurer's representative in actions for UM/UIM coverage. *See id.* at 223. The First Court of Appeals distinguished *Luna* and *Garcia* on grounds that "both cases arose after liability of the third-party driver had been determined and the coverage dispute had ripened." *Id.*

Most recently, the Fourteenth Court of Appeals quashed the deposition of an insurer's corporate representative in a UIM case because the deposition order was "not limited to the relevant topics of the truck driver's liability and the existence and amount of Plaintiff's damages" and "the information sought through the deposition already has been

obtained by Plaintiff or may be obtained from other sources with less burden and expense." *In re Liberty Cty. Mut. Ins. Co.*, 557 S.W.3d 851, 856 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding). There, the plaintiff sought a representative to testify regarding damages, the "facts supporting the legal theories and defenses" of the insurer, including offset and credit, and the insurer's live pleadings. *See id.* at 854–55. The plaintiff had sued the insurer directly for UIM benefits and brought causes of action for breach of contract and violations of the Texas Insurance Code, and the trial court had severed the plaintiffs' extra-contractual claims. *See id.* at 854. The Fourteenth Court of Appeals conditionally granted relief. *See id.* at 853.

Here, to recover UIM benefits, Perry is required to show that he has underinsured motorist coverage, that Barrientes negligently caused the accident that resulted in the covered damages, the amount of damages that Perry sustained, and that Barrientes's insurance coverage is deficient. *See Brainard*, 216 S.W.3d at 818; *In re Liberty Cty. Mut. Ins. Co.*, 557 S.W.3d at 856; *In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d at 220; *In re Progressive Cty. Mut. Ins. Co.*, 439 S.W.3d at 427; *In re Reynolds*, 369 S.W.3d 638, 652 (Tex. App.—Tyler 2012, orig. proceeding). As stated previously, State Farm offered a limited stipulation regarding some of these issues, but the stipulation does not address whether Barrientes caused the accident, the amount of Perry's damages, or whether Barrientes's insurance coverage is deficient. *See Brainard*, 216 S.W.3d at 815; *In re Progressive Cty. Mut. Ins. Co.*, 439 S.W.3d at 427; *In re Reynolds*, 369 S.W.3d at 652. The record before this Court indicates that Perry has settled his claims with Barrientes but does not indicate that the trial court has signed a judgment resolving these issues. *See Brainard*, 216 S.W.3d at 818; *In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d at 220.

Perry has pled facts which, if true, would establish Barrientes was liable for the accident, is underinsured, and State Farm refused to pay UIM benefits. Perry has alleged a ripe claim against State Farm. *See In re Reynolds*, 369 S.W.3d at 649 (holding that a claim against a UIM insurer was ripe where the plaintiff alleged the other motorist was liable and underinsured and the UIM Insurer refused to pay); *Alvarado v. Okla. Sur. Co.*, 281 S.W.3d 38, 40, 42 (Tex. App.—El Paso 2005, no pet.) (same); *see also State Farm Cty. Mut. Ins. Co. of Tex. v. Diaz–Moore*, No. 04-15-00766-CV, 2016 WL 6242842, at *2 (Tex. App.—San Antonio Oct. 26, 2016, no pet.) (mem. op.). Further, an insured can sue a UIM insurer without joining the underinsured motorist and litigate the underinsured motorist's liability and underinsured status in that lawsuit. *See Brainard*, 216 S.W.3d at 818 ("The insured may settle with the tortfeasor, as Brainard did in this case, and then litigate UIM coverage with the insurer."); *In re Reynolds*, 369 S.W.3d at 655 ("[A]n insured seeking the benefits of his UIM coverage may sue his UIM insurer directly without suing the UIM; obtain written consent from his UIM insurer and then sue the UIM alone, making the judgment binding against the insurance company; or sue the UIM without the written consent of the UIM insurer and relitigate liability and damages."); *see also State Farm Cty. Mut. Ins. Co. of Tex.*, 2016 WL 6242842, at *2 (discussing an insured's right to sue the UIM insurer without joining the UIM and litigate the UIM's liability and underinsured status in that lawsuit); *In re Teachers Ins. Co.*, No. 07–03–0330–CV, 2004 WL 2413311, at *2 (Tex. App.—Amarillo Oct. 28, 2004, orig. proceeding) (mem. op.) (asserting that the legal entitlement to recover against a UIM insurer by showing fault on the part of the uninsured motorist and the extent of the resulting damages "can be established in either a direct action against the UIM carrier or in a suit against the uninsured motorist"); *cf.*

15

*Franco v. Allstate Ins. Co.*, 505 S.W.2d 789, 791–92 (Tex. 1974) (noting that the ultimate recovery in an action against a UIM insurer will depend upon proof of damages due to the tort of the uninsured third party who was not sued); *State Farm Mut. Ins. Co. v. Matlock*, 462 S.W.2d 277, 278 (Tex. 1970) (holding that the insured has the burden to prove the uninsured status of the other motorist in a direct action by the insured against his UIM insurer).

We conclude that this case is more like *Luna* or *Garcia* than the cases decided by the Houston Courts of Appeals insofar as Perry has settled with the underinsured motorist and is proceeding directly against his insurer in a case that does not involve merely extracontractual matters. *Compare In re Liberty Cty. Mut. Ins. Co.*, 557 S.W.3d at 856 and *In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d at 220, *with In re Luna*, 2016 WL 6576879, at \*7, *and In re Garcia*, 2007 WL 1481897, at \*2. Significantly, State Farm does not contend that its representative will lack personal knowledge of the matters at issue here and does not contend that the deposition will cause undue burden or invasion of personal, constitutional, or property rights. TEX. R. CIV. P. 192.6; *Crown Cent. Petroleum Corp.*, 904 S.W.2d at 127; *Monsanto Co.*, 889 S.W.2d at 276. Under these circumstances, we conclude that the trial court abused its discretion by refusing Perry the right to depose the opposing party in this lawsuit. *See* TEX. R. CIV. P. 200.1(a); *Crown Cent. Petroleum Corp.*, 904 S.W.2d at 127; *Mobile Oil Corp.*, 810 S.W.2d at 323–24; *see also In re Luna*, 2016 WL 6576879, at \*5; *In re Doe*, 2011 WL 1158765, at \*1; *In re Garcia*, 2007 WL 1481897, at \*2.

In so ruling, however, we conclude that the scope of the deposition as noticed by Perry is overbroad. The deposition should be limited in scope to matters relevant to the

subject matter of the pending action. *See* TEX. R. CIV. P. 192.3(a). At present, those issues are, essentially, whether Barrientes caused the accident, the amount of Perry's damages, and whether Barrientes's insurance coverage is deficient. *See Brainard*, 216 S.W.3d at 815; *In re Progressive Cty. Mut. Ins. Co.*, 439 S.W.3d at 427. Further, some of the topics included in the notice of deposition include matters that are clearly obtainable from some other source that is more convenient, less burdensome, or less expensive. *See* TEX. R. CIV. P. 192.4(a) (providing that discovery should be limited when "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive"). For instance, the notice of deposition includes topics regarding the nature and causation of Perry's alleged injuries sustained in the collision and the damage sustained by all vehicles involved in the collision. Perry has independent and superior access to his own records and deposing State Farm as to their contents would be unreasonable and unduly burdensome. *See id.*; *see also In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d at 222–23; *In re Arras*, 24 S.W.3d 862, 864 (Tex. App.—El Paso 2000, orig. proceeding).

We have concluded that the trial court abused its discretion in quashing the deposition in its entirety, but have further concluded that the deposition should be narrowly focused in scope to matters relevant to State Farm's defenses in the pending lawsuit. Accordingly, we sustain in part and overrule in part Perry's first issue. We further determine that Perry lacks an adequate remedy by appeal to cure the trial court's error in quashing the deposition because his ability to present a viable claim or defense will be impaired by the trial court's error. *See, e.g., Able Supply Co.*, 898 S.W.2d at 771–72; *In re Hinterlong*, 109 S.W.3d at 633. We sustain Perry's second issue.

17

## VI. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, State Farm's response, Perry's reply, and the applicable law, is of the opinion that Perry has shown himself entitled to some of the relief sought. Accordingly, we conditionally grant in part and deny in part, the petition for writ of mandamus. We direct the trial court to (1) withdraw its December 3, 2018 order granting State Farm's motion to quash and denying Perry's motion to compel and (2) grant Perry's motion to compel the deposition. We are confident that the trial court will limit the deposition's scope in accordance with our opinion, and that any further discovery orders in this case will be tailored to include only matters relevant to this case. The writ of mandamus shall issue only if the trial court fails to act promptly in accordance with this opinion.

DORI CONTRERAS
Chief Justice

Delivered and filed the
18th day of April, 2019.